CHALOS, O'CONNOR & DUFFY, LLP
Attorneys for Plaintiff,
NAFTASERVICE TRADING (CYPRUS) LTD.
366 Main Street
Port Washington, New York 11050
Tel:  (516) 767-3600
Fax:  (516) 767-3605
George M. Chalos (GC-8693)
George E. Murray (GM-4172)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------
NAFTASERVICE TRADING (CYPRUS) LTD.,

                       Plaintiff,

      v.

ALARIC CO. LTD.
and
ALARIC CONSULTING & INVESTMENT
CORPORATION LIMITED,

                    Defendants.
-----------------------------------------------------------------X

JUDGE SCHEINDLIN

08 CV 0317

07 CV _____ (___)

**VERIFIED COMPLAINT**

Plaintiff NAFTASERVICE TRADING (CYPRUS) LTD., (hereinafter "NAFTASERVICE") by its attorneys, Chalos, O'Connor & Duffy, as and for its Verified Complaint against the Defendants, ALARIC CO. LTD. (hereinafter "ALARIC CO.") and ALARIC CONSULTING & INVESTMENT CORPORATION LIMITED (hereinafter referred to as ("ALARIC CONSULTING"), alleges upon information and belief as follows:

## JURISDICTION

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, and also falls under this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. § 1333.

## THE PARTIES

2. At all times material hereto, Plaintiff NAFTASERVICE was and still is a foreign business entity duly organized and existing pursuant to the laws of a foreign country operating under foreign law.

3. The Plaintiff NAFTASERVICE is engaged in business as a disponent owner of ocean going vessels and it charters such ocean going vessels to others for the carriage of cargo in exchange for payments of hire or freight.

4. At all times material hereto, Defendant ALARIC CO. was and still is a foreign business entity duly organized and existing pursuant to the laws of a foreign country by virtue of foreign law with an office located at care of ALARIC CONSULTING & INVESTMENT CORP. LTD., level 2, Whitehall Mansions, Ta' Xbiex Seafront, Ta' Xbiex, Malta with a telephone number of (0356) 21322324.

5. The Defendant ALARIC CO. is engaged in the business of transporting cargo by ocean vessel.

6. At all times material hereto, Defendant ALARIC CONSULTING was and still is a foreign business entity duly organized and existing pursuant to the laws of a foreign country by virtue of foreign law with an office located at level 2, Whitehall

Mansions, Ta' Xbiex Seafront, Ta' Xbiex, Malta with a telephone number of (0356) 21322324.

7. The Defendant ALARIC CONSULTING is engaged in the business of transporting cargo by ocean vessel.

## AS AND FOR A CAUSE OF ACTION
## FOR BREACH OF MARITIME CONTRACT

8. On October 9, 2007, Plaintiff NAFTASERVICE, as disponent owner of the ocean-going vessel M/V TROODOS, entered into a charter party contract with Defendant ALARIC CO., as charterer, whereby defendant ALARIC CO. hired the M/V TROODOS to carry a cargo of heavy fuel oil from on safe port / safe berth in Misurata, Libya to one safe port / safe berth in Malta.

9. The charter party contract between Plaintiff NAFTASERVICE and Defendant ALARIC CO. is a maritime contract.

10. The terms of the maritime contract were set forth in a recap fixture for the charter of the vessel as evidenced by a fixture recap setting forth the terms agreed to by Plaintiff NAFTASERVICE and Defendant ALARIC CO.

11. Under the fixture recap of the maritime contract, Plaintiff NAFTASERVICE was to be paid $105,000.00 lump sum per each voyage in freight charges.

12. Additionally, the charter party provided for demurrage to be charged at $5,500.00 per day.

13. Plaintiff NAFTASERVICE fulfilled its obligations under the maritime contract; the M/V TROODOS tendered its Note of Readiness in Misurata, Libya on October 14, 2007; and the cargo was loaded on board the M/V TROODOS.

14. However, apparently due to investigations by the Libyan authorities and/or other reasons well beyond the responsibility and knowledge of Plaintiff NAFTASERVICE, the M/V TROODOS was left waiting idle and on demurrage in port from October 17, 2007 to January 6, 2008, when the cargo was discharged.

15. Additionally, the M/V TROODOS is still detained under arrest in Libya causing additional losses to the plaintiff NAFTASERVICE.

16. Defendant ALARIC has failed to pay the freight and/or demurrage in this matter, despite due demand for same.

17. Because Defendant ALARIC CO. has failed to pay freight and/or demurrage, it is in breach of the charter party maritime contract.

18. As near as can be calculated the freight payment that is now due and owing under the terms of the charter party maritime contract is $105,000.00.

19. As near as can be calculated the demurrage payment that is now due and owing under the terms of the charter party maritime contract is $445,500.00 for demurrage.

20. Moreover, Plaintiff NAFTASERVICE's damages continue to grow while its vessel the M/V TROODOS remains detained causing Plaintiff additional damages that cannot be calculated at this time.

21. Additionally, due to the lengthy detention of the vessel the M/V TROODOS, plaintiff NAFTASERVICE has incurred additional port charges, penalty and

agency fees in the approximate amount of $139,350.00 and this amount will continue to grow until the vessel leaves port.

22. Moreover, Defendant ALARIC CONSULTING has specifically agreed by letter to pay the port charges, penalty and agency fees in the approximate amount of $139,350.00, but despite such promises, has failed to do so to date.

23. The maritime contract charter party between the Plaintiff NAFTASERVICE and Defendant ALARIC CO. provides that any disputes arising out of the maritime contract shall be governed by English law and shall be referred to arbitration in London.

24. The Plaintiff NAFTASERVICE has commenced London arbitration.

25. Interest, costs and attorneys' fees are routinely awarded to the prevailing party in London arbitration.

26. As best as can now be estimated, the Plaintiff NAFTASERVICE expects to recover not less than the following amounts in London arbitration from Defendant ALARIC CO.:

| | | | |
|---|---|---|---|
| A. | Principal claim | | |
| | 1. | Freight: | $ 105,000.00 |
| | 2. | Demurrage: | $ 445,500.00 |
| | 3. | Port Charges: | $ 139,350.00 |
| | | Total Principal Claim: | *$ 689,850.00* |
| B. | Estimated interest on Principal claim: 3 years at 7.5%, compounded quarterly | | *$ 172,266.81* |
| C. | Estimated attorneys' fees: | | *$ 50,000.00* |

|  |  |  |
|---|---|---|
| D. | Estimated arbitration costs/expenses: | *$ 25,000.00* |
| | **Total Claim** | **$ 937,116.81** |

### AS AND FOR A CAUSE OF ALTER-EGO LIABILITY<br>AGAINST DEFENDANT ALARIC CONSULTING

27. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "26" of the Verified Complaint as though set forth at length herein.

28. At all material times, there existed such unity of ownership and interest between Defendant ALARIC CO. and Defendant ALARIC CONSULTING that no separation existed between them and the corporate form of Defendant ALARIC CO. has been disregarded such that Defendant ALARIC CO. primarily transacted the business of Defendant ALARIC CONSULTING, and, therefore, they are the alter egos of each other with respect to the charter of the M/V TROODOS.

29. At all material times, Defendant ALARIC CONSULTING chartered the M/V TROODOS in the name of Defendant ALARIC CO. such that Defendant ALARIC CONSULTING was the charterer of the M/V TROODOS.

30. At all material times, Defendant ALARIC CO. and Defendant ALARIC CONSULTING have or had overlapping ownership, management, personnel and purposes such that Defendant ALARIC CO. and Defendant ALARIC CONSULTING did not and do not operate at arms length.

31. At all material times, there has been an intermingling of funds between Defendant ALARIC CO. and Defendant ALARIC CONSULTING.

32. Upon information and belief, the Defendant ALARIC CO. uses the Defendant ALARIC CONSULTING as a "paying or receiving agent" or "pass through" entity in an attempt to insulate its funds from lawful creditors such as Plaintiff NAFTASERVICE.

33. At all material times, Defendant ALARIC CONSULTING has dominated, controlled and used the Defendant ALARIC CO. for its own purposes such that there is no meaningful difference between the entities, or *vice versa*.

34. Additionally, upon information and belief defendant ALARIC CO. and ALARIC CONSULTING do not have separate offices but, instead, operate out of the same office at level 2, Whitehall Mansions, Ta' Xbiex Seafront, Ta' Xbiex, Malta with a telephone number of (0356) 21322324.

35. There are reasonable grounds to conclude that the Defendant ALARIC CONSULTING is the alter ego of Defendant ALARIC CO. or *vice versa* and, therefore, Plaintiff NAFTASERVICE has a valid prima facie *in personam* claim against Defendant ALARIC CONSULTING based upon alter ego liability.

36. Additionally, and/or alternatively, the Defendant ALARIC CO. utilizes the Defendant ALARIC CONSULTING to transfer funds and, therefore, such parties are liable to the plaintiff as agents, partners or joint venturers of the Defendant ALARIC CO.

37. As best as can now be estimated, the Plaintiff NAFTASERVICE asserts a maritime claim against the Defendant ALARIC CONSULTING for not less than the following amounts:

| | | | |
|---|---|---|---|
| A. | Principal claim | | |
| | 1. | Freight: | $ 105,000.00 |
| | 2. | Demurrage: | $ 445,500.00 |
| | 3. | <u>Port Charges:</u> | <u>$ 139,350.00</u> |
| | | Total Principal Claim: | *$ 689,850.00* |
| B. | Estimated interest on Principal claim:<br>3 years at 7.5%, compounded quarterly | | *$ 172,266.81* |
| C. | Estimated attorneys' fees: | | *$ 50,000.00* |
| D. | Estimated arbitration costs/expenses: | | *$ 25,000.00* |
| | **Total Claim** | | **$ 937,116.81** |

## BASIS FOR ATTACHMENT AND PRAYER FOR RELIEF

38.     Notwithstanding the fact that the liability of the Defendants is subject to determination by arbitration in London, there are now, or will be during the pendency of this action, certain assets, accounts, freights, monies, charter hire, credits, effects, payment for bunkers, goods or services, bills of lading, cargo and the like belonging to or claimed by the Defendant within this District and held by various parties, as garnishees.

39.     Plaintiff NAFTASERVICE believes that some of these assets, *to wit*: bank accounts; payments from the purchasers of other cargoes; freight and/or hire payments being made to other vessel owners U.S. dollars; freight and hire payments from other charterers or shippers of cargo; and/or Clearing House Interbank Payment System (CHIPS) credits; and/or funds being transferred through intermediary banks are located in this District in the possession of garnishees, including, but not limited to, ABN AMRO

8

Bank, American Express Bank, Bank of America, Bank of China, Bank of New York, Bank of Tokyo Mitsubishi UFJ Ltd., Barclay's Bank, BNP Paribas SA, Calyon, Citibank N.A., Credit Suisse Securities (USA) LLC, Deutsche Bank, HSBC (USA), JPMorgan Chase Bank, Mashreq Bank, Societe Generale, Standard Chartered Bank, UBS AG, U.S. Bank, Wachovia Bank, Wells Fargo Bank, CHIPS and possibly other banks or financial institutions located in New York..

40. As set forth in the accompanying affidavit of George M. Chalos, the Defendants cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

41. Because this Verified Complaint sets forth an *in personam* maritime claim against the Defendants and because the Defendants cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, the requirements for a Rule B attachment and garnishment are met and Plaintiff seeks the issuance of process of maritime attachment so that it may obtain security for its claims against the Defendants and/or *quasi in rem* jurisdiction over the property of the Defendants, in the event that the Defendants challenge the jurisdiction of the London arbitrators, so that an eventual judgment and/or award can be satisfied.

42 In addition to an attachment in the full amount of the claim as set forth above, Plaintiff also seeks an attachment over an additional sum to cover awardable attorneys' fees and costs which are recoverable in arbitration pursuant to the London Maritime Arbitration Association's rules.

WHEREFORE, Plaintiff prays as follows:

A.   That process in due form of law issue against the Defendants citing them to appear and answer under oath all, and singular, the matters alleged in the Verified Complaint;

B.   That since the Defendants cannot be found within the District, as set forth in the Declaration of George M. Chalos, and pursuant to Rules B and E of the Supplemental Rules for Certain Admiralty and Maritime Claims, that this Court issue an Order directing the Clerk of the Court to issue a Process of Maritime Attachment and Garnishment pursuant to Rules B and of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all of the Defendants' tangible or intangible property or any other funds held by any garnishees in the district which are due and owing, or other property of the Defendants, up to the amount of US **$1,874,233.62** to secure and satisfy the Plaintiff's claims, and that all persons claiming and interest in the same be cited to appear pursuant to Supplemental Admiralty Rules B and E to answer the matters alleged in this Verified Complaint;

C.   That the Plaintiff may have such other, further and different relief as the Court may determine to be just and proper under the circumstances.

Dated: Port Washington, New York
       January 14, 2008

                                  CHALOS, O'CONNOR & DUFFY, LLP
                                  Attorneys for Plaintiff,
                                  NAFTASERVICE TRADING (CYPRUS) LTD.

By:      _____
                                  George M. Chalos (GC-8693)
                                  George E. Murray (GM-4172)
                                  366 Main Street
                                  Port Washington, New York 11050
                                  Tel:  (516) 767-3600
                                  Fax:  (516) 767-3605
                                  Email: gmc@codus-law.com
                                           gmurray@codus-law.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
NAFTASERVICE TRADING (CYPRUS) LTD.,

                Plaintiff,

                          07 CV

    v.

                          **VERIFICATION OF COMPLAINT**

ALARIC CO. LTD.
and
ALARIC CONSULTING & INVESTMENT
CORPORATION LIMITED,

                Defendants.
------------------------------------------------------------X

      Pursuant to 28 U.S.C. §1746, GEORGE M. CHALOS, Esq., declares under the penalty of perjury:

      1.     I am a Member of the law firm of CHALOS, O'CONNOR & DUFFY, L.L.P., counsel for the Plaintiff, NAFTASERVICE TRADING (CYPRUS) LTD., herein;

      2.     I have read the foregoing Verified Complaint and know the contents thereof; and

      3.     I believe the matters to be true based on documents and information obtained from employees and representatives of the Plaintiff through its agents, underwriters and attorneys.

      4.     The reason that this verification was made by deponent and not by the Plaintiff is because Plaintiff is a foreign corporation, whose officers are not in this district, and whose verification cannot be obtained within the time constraints presented by the circumstances of this case.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: Port Washington, New York
       January 14, 2008

CHALOS, O'CONNOR & DUFFY, L.L.P.
Attorneys for Plaintiff
NAFTASERVICE TRADING (CYPRUS) LTD.

By: _____
George M. Chalos (GC-8693)
366 Main Street
Port Washington, New York 11050
Tel: (516) 767-3600
Fax: (516) 767-3605
Email: gmc@codus-law.com

2