UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
NAFTASERVICE TRADING (CYPRUS) LTD.,

                          Plaintiff,

      v.

ALARIC CO. LTD.
and
ALARIC CONSULTING & INVESTMENT
CORPORATION LIMITED,
                    Defendants.
------------------------------------------------------------x

JUDGE SCHEINDLIN

08 CV 0317

**APPLICATION FOR AN
ORDER APPOINTING A
SPECIAL PROCESS SERVER
TO SERVE PROCESS
PURSUANT TO RULE 4(C) AND
SCOPE OF SERVICE**

      Pursuant to 28 U.S.C. §1746, GEORGE M. CHALOS, Esq., declares under the penalty of perjury:

      1.    I am a member of the Bar of the State of New York, and admitted to practice before this Court, and am a Member of the firm of CHALOS, O'CONNOR & DUFFY, L.L.P., attorneys for the plaintiff in this action.

      2.    I am fully familiar with the matters set forth in this declaration, which is submitted in support of plaintiff's application pursuant to Rule 4(c) of the Federal Rules of Civil Procedure for an Order appointing any associate or paralegal or agent of CHALOS, O'CONNOR & DUFFY, L.L.P., in addition to the United States Marshal, to serve a Process of Maritime Attachment and Garnishment upon the named garnishee(s) listed therein, as well as any other garnishee(s) who (based upon information developed subsequent hereto) may hold assets of, for, or on behalf of the defendants.

3.      The associates or paralegals or agents with the firm of CHALOS, O'CONNOR & DUFFY, L.L.P., who will be so designated, are over 18 years of age, and are not a party to this action.

4.      Plaintiff is desirous of serving the Process of Maritime Attachment and Garnishment on the garnishee(s) with all deliberate speed so that it will be fully protected against the possibility of the defendants not satisfying the claim plaintiff has against the defendants.

5.      To the extent that the Application for an Order Appointing a Special Process Server with respect to this attachment and garnishment does not involve a restraint of physical property, there is no need to require that the service be effected by a U.S. Marshal as it simply involves the delivery of process to the garnishee(s) who are believed to be in possession of the defendants' tangible or intangible property.

6.      Plaintiff also requests that the Court grant it leave to serve any additional garnishee(s) who may be discovered during the course of this litigation to be holding property of the defendants, within this District. By obtaining leave at this time to serve these other possible garnishees, it will facilitate prompt service of the Process without the need to return to the Court for permission to amend the process to simply name other garnishees.

7.      In addition, and to avoid the need to repetitively serve the garnishee(s)/banking institutions, plaintiff respectfully seeks leave, as embodied in the accompanying orders, for any process served on a garnishee to be deemed effective and continuous throughout any given day.

8.      For the foregoing reasons, I respectfully request that this Court appoint said associates, paralegals or agents of CHALOS, O'CONNOR & DUFFY, L.L.P. to serve the Process of Maritime Attachment and Garnishment upon the Garnishees listed in the in Process, and any other garnishee(s) who we learn hold assets of the defendants.

Dated: Port Washington, New York
      January 14, 2008

CHALOS, O'CONNOR & DUFFY, L.L.P.
Attorneys for Plaintiff
NAFTASERVICE TRADING (CYPRUS) LTD.

By: _____
George M. Chalos (GC-8693)
366 Main Street
Port Washington, New York 11050
Tel: (516) 767-3600
Fax: (516) 767-3605
Email: gmc@codus-law.com