UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
NAFTASERVICE TRADING       :
(CYPRUS) LTD.,
              Plaintiff,        :      ORDER

   - against -                        :      08 Civ. 317 (SAS)

ALARIC CO. LTD. and ALARIC        :
CONSULTING & INVESTMENT           :
CORPORATION LIMITED,              :

              Defendants.      :
------------------------------------------------------X

SHIRA A. SCHEINDLIN, U.S.D.J.:

       Naftaservice Trading (Cyprus) Ltd. ("Naftaservice") chartered its vessel, M/V TROODOS, to Alaric Co. Ltd. pursuant to a maritime charter party contract. Naftaservice filed a Verified Complaint in this Court in order to obtain a maritime attachment and garnishment of a specified amount of defendants' funds present in this District pending the resolution of an arbitration on the underlying breach of contract dispute. Because the contract at issue "provides that any disputes arising out of [it] shall be governed by English law and shall be referred to arbitration in London[,]" Naftaservice alleged that it had commenced arbitration in London (the "London Arbitration").[1]  By Memorandum Opinion and Order dated January 15, 2008, this Court issued a process of maritime attachment and

---

[1]    Verified Complaint ¶¶ 23-24.

garnishment in the amount of $937,116.81.

Subsequently, Naftaservice attached $215,000 of defendants' funds at HSBC Bank (USA) ("HSBC").[2] Naftaservice now moves for default judgment against both defendants on the grounds that "[p]rompt notice of the attachment was given to the defendants on April 16, 2008[,]" but "[s]ince [that] time, the [d]efendants . . . have not answered, moved, or otherwise appeared in this action, and the time for [such] answer has long expired."[3] Accordingly, Naftaservice seeks an entry of judgment in the amount of $215,000, which "represent[s] the funds belonging to defendants which was restrained . . . ."[4]

Rule B of the Supplemental Rules for Admiralty or Maritime Claims dictates that "[n]o default judgment may be entered except upon proof – which may be by affidavit" that defendant was served with the complaint, summons, and process of attachment or garnishment in compliance with Rule 4 or "using any form of mail requiring a return receipt." Here, Naftaservice's counsel has represented by affidavit that he mailed these documents to defendants' office

---

[2] See 7/11/08 Affidavit of George M. Chalos, plaintiff's counsel, for Judgment by Default ¶ 7.

[3] Id. ¶ 9.

[4] Id. at 3.

address in Malta by "postpaid courier parcel."[5] Because it is unclear whether this form of mail required a return receipt, the Court cannot determine whether Naftaservice has complied with Rule B(2). As a result, its motion for default judgment is denied with leave to renew.[6]

SO ORDERED:

_____
Shira A. Scheindlin
U.S.D.J.

Dated:   New York, New York
         July 31, 2008

---

[5]    7/11/08 Affidavit of Service Sworn by George M. Chalos ¶ 3.

[6]    Naftaservice may choose to file an amended affidavit of service to indicate, if accurate, that delivery of the documents was made using a form requiring a return receipt. In such case, the Court will grant the motion for default judgment but stay its entry until the London Arbitration has concluded. Naftaservice has alleged that the London Arbitration has commenced, and there is no indication that defendants have failed to pursue their interests in that forum.

## - Appearances -

**For Plaintiff:**

George Michael Chalos, Esq.
Chalos & Co., P.C.
123 South Street
Oyster Bay, NY 11771
(516) 714-4300
Fax: (866) 702-4577

**For Defendant:**